Elisa Nadeau, Bar No. 199000
enadeau@littler.com
Matthew D. Lerner, Bar No. 320776
mlerner@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando Street
7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150
Fax No.:    408.288.5686

Attorneys for Defendant
ZOLL MEDICAL CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY KAZDOBA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZOLL MEDICAL CORPORATION, a Massachusetts corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  2:24-cv-07980<br>[Removed from Los Angeles Superior Court Case No. 24VECV03878]<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4873-1482-7234.10 / 074190-2163

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant ZOLL MEDICAL CORPORATION ("Defendant" or "ZOLL") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446.

This Notice is based on the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332(a), based on complete diversity of citizenship and since Plaintiff GREGORY KAZDOBA's ("Plaintiff") demand exceeds $75,000. For these reasons and those discussed more fully below, removal is proper.

A true and correct copy of this Notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Los Angeles, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d). Defendant makes the following allegations in support of its Notice of Removal:

## I.   STATEMENT OF JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446(b).

## II.   VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, 1441, and 1446, because this is the District Court of the district and

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4873-1482-7234.10 / 074190-2163

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

division embracing the place where the action is pending in state court. *See* 28 U.S.C. § 1441(a).

### III.    PLEADINGS, PROCESS, AND ORDERS

3.    This lawsuit arises out of Plaintiff's employment with Defendant. On August 13, 2024, Plaintiff filed a complaint (the "Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled *Gregory Kazdoba v. Zoll Medical Corporation, Inc., and Does 1 through 100*, designated as Case No. 24VECV03878.

4.    On August 19, 2024, Plaintiff personally served Defendant's agent for service in the State of California with the Complaint, along with copies of the Summons, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, and the Alternative Dispute Resolution (ADR) Information Package. Declaration of Matthew Lerner ("Lerner Dec.") at ¶ 4.

5.    The Complaint sets forth ten causes of action: (1) Retaliation in Violation of the Fair Employment and Housing Act ("FEHA") California Government Code Section (Gov't Code § 12940(h)); (2) Discrimination in Violation of FEHA Gov't Code § 12940(a); (3) Harassment in Violation of FEHA Gov't Code § 12940(j); (4) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA Gov't Code § 12940(k); (5) Wrongful Failure to Promote in Violation of FEHA; (6) Retaliation in Violation of Labor Code Section 1102.5; (7) Wrongful Termination in Violation of Public Policy; (8) Retaliation in Violation of California Labor Code Section 98.6; (9) Intentional Infliction of Emotion Distress; and (10) Negligent Infliction of Emotional Distress. True and correct copies of the Summons and Complaint are attached to the Lerner Dec. as "**Exhibit A**."

6.    The other filings in the action to date, as identified on the Los Angeles County Superior Court's website for this dispute, include: (1) the Civil Case Cover Sheet and Addendum; (2) Notice of Case Assignment; (3) the ADR Information Package; and (4) Notice of Case Management Conference; and (5) Proof of Personal

4873-1482-7234.10 / 074190-2163

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

3

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

Service. True and correct copies of these documents are attached to the Lerner Dec. as "**Exhibit B**."

7.    To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Los Angeles County Superior Court or served by any party other than as described above.  To Defendant's knowledge, no proceedings related hereto have been heard in the Los Angeles County Superior Court.

8.    Defendant has not yet filed a response to the Complaint in Los Angeles Superior Court but plans to do so in this Court after removal.

9.    Pursuant to 28 U.S.C. § 1446(a), Exhibits A and B constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action by Defendant.

## IV.    DOE DEFENDANTS

10.    The Complaint also names as defendants "DOES 1 through 100, inclusive." Lerner Decl., ¶ 2, Ex. A.  Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Lerner Decl., ¶ 4. Moreover, Doe defendants are disregarded when determining diversity jurisdiction for removal.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, 2016 U.S. Dist. LEXIS 61342, at *5-6 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

## V.    TIMELINESS OF REMOVAL

11.    An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

12.     Removal of this action is timely because this Notice of Removal has been filed within thirty days of August 19, 2024, when Defendant's agent accepted service of the Summons and Complaint through the acknowledgment of service. *See* 28 U.S.C. § 1446(b). As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant. *See* Lerner Decl., ¶¶ 2-4, Exhibits A, B.

## VI.     REMOVAL IS PROPER THROUGH DIVERSITY JURISDICTION

13.     This Court has original jurisdiction over this civil suit under 28 U.S.C. §1332(a), and it may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

14.     For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Where a complaint fails to state the amount in controversy, the defendant's notice of removal may do so. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014). The notice of removal needs simply to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554.

## VII.     COMPLETE DIVERSITY OF CITIZENSHIP

### A.     Plaintiff is a Citizen of California

15.     To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 U.S. Dist. LEXIS 56025, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Neresian*, 2013 U.S. Dist. LEXIS 56025, at *7 (citing *Kanter v. Warner-Lambert Co.*,

4873-1482-7234.10 / 074190-2163

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

5

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 U.S. Dist. LEXIS 81454, at \*4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

16.     Plaintiff alleges he is a California resident in his Complaint. Complaint at ¶ 1.  Plaintiff is therefore a citizen of the State of California.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is *prima facie* evidence of his domicile); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is prima facie the domicile"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, \*22 (E.D. Cal. 2008) (maintaining a place of residence provides a prima facie case of domicile).

**B.     Defendant is Not a Citizen of California**

17.     In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz v. Friend*, 175 L. Ed. 2d 1029 (2010). In relevant part, the Court explained, as follows:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 1041-42.

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4873-1482-7234.10 / 074190-2163

6

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

18.     As identified in Plaintiff's Complaint (Complaint at ¶ 2), Defendant is presently, and was at the time of the commencement of this suit, a citizen of the State of Massachusetts as provided in 28 U.S.C. § 1332(c) because it is a corporation duly organized and validly existing under and pursuant to the laws of Massachusetts. A true and correct copy of the California Secretary of State Detail listing Massachusetts as Defendant's state of incorporation is attached as "**Exhibit C**" to the Lerner Dec.; *see also* the concurrently filed Request for Judicial Notice at ¶ 2.

19.     Moreover, Defendant's principal place of business is Chelmsford, Massachusetts. Complaint at ¶ 2; Lerner Decl., ¶ 5, Exhibit C [listing Defendant's "Entity Address" as 269 Mill Road, Chelmsford, MA 01824.  As a result, nearly all of Defendant's corporate decisions are made in Massachusetts. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Therefore, Defendant is a citizen of Massachusetts, where it operates its principal place of business under the "nerve center" test.

20.     Thus, for purposes of diversity jurisdiction, Defendant is a citizen of the Commonwealth of Massachusetts, and not a citizen of the State of California.

21.     The presence of Doe defendants in this case, which are wholly fictitious, has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) (for "purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

22.     Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Massachusetts), and diversity exists for purposes of diversity jurisdiction.

**VIII. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

23.     District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of

4873-1482-7234.10 / 074190-2163

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

7

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

different states. 28 U.S.C. § 1332(a). Defendant need only show by a preponderance of the evidence - that it is more probable than not - that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez* v. *Monumental Life Ins. Co.,* 95 F.3d 856, 862 (9th Cir. 1996), amended (9th Cir. 1996) 102 F.3d 398, 404; *see also Harding* v. *U.S. Figure Skating Ass'n,* 851 F. Supp. 1476, 1480 (D. Or. 1994) ("remand is not proper unless it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount"); *see also Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The amount in controversy in any case includes claims for general and special damages, penalties, attorney's fees, and punitive damages. *See, e.g.*, *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); 28 U.S.C. § 1332.

24.    Here, the Complaint does not indicate a total amount of damages claimed. Consequently, Defendant only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996); *Dart Cherokee Basin,* 135 S. Ct. at 554.

25.    In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

26.    Although Defendant denies the validity and merit of *all* of Plaintiff's claims and allegations, and despite Plaintiff's failure to allege the specific total amount of damages he claims, the amount in controversy as alleged by Plaintiff in this case

4873-1482-7234.10 / 074190-2163

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### A. The Alleged Amount of Plaintiff Economic Damages

27. The Complaint alleges that Defendant improperly terminated Plaintiff's employment on February 23, 2024. Complaint at ¶ 38. The Complaint further alleges that "[a]s a proximate result of the acts of Defendant(s)… Plaintiff has suffered and will continue to suffer economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial." Complaint at ¶¶ 49, 55, 62, 71, 78, 85, 93, 100. Plaintiff alleges his base salary in his sales position in 2016 was $64,600 plus commissions. Complaint at ¶¶ 11, 25-27, 34. Even without factoring in commissions or raises since 2016, if the case proceeded to trial by February 23, 2025, one year of back pay would be **$64,600**, itself very close to the $75,000 jurisdictional limit. *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, *2 n.1 (E.D. Cal., June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages".)

28. In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the two years after a final disposition, the amount of future wages in controversy in this case would total at least an additional **$129,200.** Thus, if this case is adjudicated in February 2025, it may reasonably be estimated that Plaintiff's claims of back pay and front pay would alone total an estimated **$193,800.**

29. Plaintiff also alleges emotional distress and punitive damages. Complaint at ¶¶ 50- 51, 56-57, 63-64, 72-73, 79-80, 86-87, 94-95, 101-102, Prayer at ¶ c, page 26. Plaintiff's potential recovery of such damages thereby only increases the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action

4873-1482-7234.10 / 074190-2163

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy). *See also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence. . . that the plaintiff suffered heightened mental anguish").

30.    Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress damages. *See, e.g., Flores v. Office Depot Inc.*, BC556173, 2017 WL 773850 (Cal. Super. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages); *Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim). These claims further augment Plaintiff's damages for purposes of this removal. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold). Emotional distress damage awards in California Fair Employment and Housing Act ("FEHA") discrimination cases are often well in excess of $75,000, standing alone. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and moreover, that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"); *Ko v. The Square Grp.,* JVR No. 1503030036,

4873-1482-7234.10 / 074190-2163

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

10

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination case).

31.  Here, based on the allegations in Plaintiff's Complaint, the Court can reasonably ascertain that the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more.  Specifically, in *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980; *see also Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

32.  Accordingly, using a conservative estimate, Plaintiff's alleged emotional distress damages contributes at least **$25,000** to the amount in controversy.

33.  The Court must also take into account punitive damages sought by Plaintiff for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Punitive damages may be significant even when no compensatory damages are awarded. *Moore vs. JMK Golf LLC,* 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA pregnancy discrimination leave case); *Torres v. BE Aerospace, Inc.,* JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013) ($7,000,000 punitive damage award in FEHA gender

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4873-1482-7234.10 / 074190-2163

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

discrimination suit). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334.

34. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum. Here, assuming Plaintiff were to recover punitive damages in an amount equal to his alleged compensatory damages, Plaintiff would recover at least **$193,800** (i.e., the approximate equivalent of his alleged economic damages) for his alleged punitive damages.

35. Plaintiff also seeks attorneys' fees. Attorneys' fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees. Cal. Gov't Code § 12965(b).

36. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.* "Recent estimates for the number of hours expended through trial for employment cases [in the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees [in an employment discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach,*

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4873-1482-7234.10 / 074190-2163

12

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

*LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (emphasis added). Thus, Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy, which is a very conservative estimate. *See e.g.*, *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, JVR No. 1706020057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

37.   In sum, although Defendant contends that Plaintiff's claims have no merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for purposes of removal significantly exceeds the $75,000 jurisdictional threshold, as follows:

|  | **Plaintiff** |
|---|---|
| **Back Pay** | $ 64,600 |
| **Front Pay** | $129,200 |
| **Emotional Distress (based on recent verdicts and judgments)** | $ 25,000 |
| **Punitive Damages** | $193,800 |
| **Attorneys' Fees** | $ 30,000 |
| **Total Amount in Controversy** | $442,600 |

38.   Thus, this Court has original subject matter jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

/ / /

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4873-1482-7234.10 / 074190-2163

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

## IX.    NOTICE TO PARTIES AND STATE COURT

39.    Contemporaneously with the filing of this Notice of Removal, Defendant is filing a Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court with the Clerk of the Superior Court of the State of California, County of Los Angeles, attaching a copy of this Notice of Removal and all its Exhibits. *See* 28 U.S.C. § 1446(d).

40.    This Notice of Removal and the Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court have also been served this day via email and first-class mail upon Plaintiff's counsel of record: Rotem Tamir and Harrison Wheeler, Bluestone Law, 7012 Owensmouth Ave, Second Floor, Canoga Park, CA 91303, email: rotem@bluestone.law; hwheeler@bluestoner.law.

41.    Defendant reserves all defenses, including defenses as to sufficiency of service of process, personal jurisdiction, and arbitration.

## X.    CONCLUSION

WHEREFORE, Defendant respectfully requests pursuant to 28 U.S.C. § 1332 that the Complaint be removed from the Los Angeles County Superior Court of California and proceed in the United States District Court for the Central District of California.

Dated:  September 18, 2024

LITTLER MENDELSON, P.C.

/s/ Matthew D. Lerner
Elisa Nadeau
Matthew D. Lerner
Attorneys for Defendant
ZOLL MEDICAL CORPORATION

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4873-1482-7234.10 / 074190-2163

14

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION